UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY NOEL JOHNSON,

    Petitioner,

v.

GREGORY SKIPPER,

    Respondent.

Case No. 19-10745
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY [2]

Timothy Noel Johnson currently has pending a petition for a writ of habeas corpus. Johnson is in the custody of the Michigan Department of Corrections, having been convicted of first-degree murder, Mich. Comp. Laws § 750.316(1)(a), and other felonies. Johnson's petition is mixed, meaning some claims are fully exhausted while others are not. So he has filed a motion to hold this proceeding in abeyance while he fully exhausts his claims in state court. (ECF No. 2) For the reasons below, the Court grants Johnson's motion.

**I.**

Under Michigan law Johnson's conviction of first-degree murder resulted in a sentence of life without the possibility of parole.

Johnson sought relief from the state courts. He brought a number of claims before the Michigan Court of Appeals. But his convictions were affirmed. *People v. Johnson*, No. 325456, 2016 WL 3542327 (Mich. Ct. App. June 28, 2016). Then Johnson included only two of his claims in an application for leave to appeal filed in the Michigan Supreme Court. (*See* ECF No. 1, PageID.2–3). Yet the Michigan Supreme Court denied leave to appeal. *People v. Johnson*, 500 Mich. 934 (Mich. 2017).

Johnson continued to seek relief in the state courts. He filed a motion for relief from judgment in the trial court. He raised a single claim. The trial court found the claim procedurally barred and denied the motion (ECF No. 1), and the Michigan Court of Appeals denied leave to appeal. *People v. Johnson*, No. 345710 (Mich. Ct. App. Dec. 20, 2018). But the Michigan Supreme court vacated the trial court's opinion and order denying relief from judgment. *People v. Johnson*, 503 Mich. 1035 (Mich. 2019). The state supreme court remanded the case to the trial court to address whether Johnson met his burden under Mich. Ct. R. 6.508(D) (i.e., whether Johnson carried his burden of establishing cause and prejudice). *Id.* The Michigan Supreme Court further ordered the trial court to address whether appellate counsel's failure to raise the claim on direct appeal constituted ineffective assistance of appellate counsel. *Id.*

While his appeal from the denial of his motion for relief from judgment was pending, Johnson filed this habeas corpus petition. He raises eight claims—the seven claims raised in the Michigan Court of Appeals and the ineffective assistance of counsel claim raised in his still-pending motion for relief from judgment.

**II.**

A federal habeas petitioner must first present all claims to the state courts before raising the claims in a habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). To satisfy this exhaustion requirement, a prisoner must "invok[e] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. In Michigan, a petitioner satisfies the exhaustion requirement by presenting claims to the Michigan Court of Appeals and Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

A federal court may stay a federal habeas corpus proceeding pending resolution of yet unexhausted state post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interest in finality and speedy resolution of federal petitions." *Id.*

**III.**

Johnson has filed a motion to hold these proceedings in abeyance while he exhausts his eighth claim for habeas relief. This unexhausted claim, that counsel was ineffective in failing to adequately challenge key prosecution witness Kayln Ware's identification testimony and in failing to question her at the pretrial hearing, is the subject of Johnson's pending motion for post-conviction review in state court.[1]

Johnson's claim that his attorney was ineffective in failing to challenge a key witness's identification testimony is not plainly meritless. Indeed, the Michigan Supreme Court's decision reversing the trial court's denial of this claim indicates that the claim deserves further

---

[1] Of the six unexhausted claims raised in the petition, Johnson is in the process of exhausting only his eighth claim. He argues that he need not exhaust the five remaining unexhausted claims because the failure to exhaust is excusable and because he is actually innocent. The Court need not decide this issue at this point in the litigation, but notes that a petitioner's *pro se* status and lack of access to a legal writer program have been held not to excuse the exhaustion requirement. *See Taylor v. McKee*, 649 F.3d 446, 452-53 (6th Cir. 2011); *Galloway v. Horton*, No. 18-2248, 2019 WL 1953305, *2 (6th Cir. Jan. 25, 2019).

consideration. The Court also finds no indication that Johnson is intentionally attempting to unfairly and unnecessarily delay this proceeding. Finally, the time remaining in the limitations period, approximately two months, is short enough that dismissal of the petition could jeopardize the timely filing of a new petition.

Accordingly, the Court grants Johnson's motion to hold this case in abeyance (ECF No. 2) while Johnson completes exhaustion of his eighth claim.

If Johnson is unsuccessful in state court and wishes to return to federal court, he must move to re-open this case within ninety (90) days of exhausting state remedies for his claims. The motion must include the same case number that appears on this order. Failure to comply with the conditions of this stay could result in the dismissal of the case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case. Nothing in this order shall be considered a disposition of the habeas petition.

SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Date: August 21, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 21, 2019.

s/William Barkholz  
Case Manager to  
Honorable Laurie J. Michelson